## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ALANA HUBBARD and
JACOB REDMON, individually
and on behalf of similarly
situated persons,

        Plaintiff,                  Case No.  2:21-cv-10669

v.

                                     Hon.

SIDETRACK, INC. d/b/a THE
SIDETRACK BAR & GRILL also
d/b/a FRENCHIE'S
and LINDA FRENCH,

        Defendants.
_____

DAVID M. BLANCHARD (P67190)
FRANCES J. HOLLANDER (P82180)
BLANCHARD & WALKER PLLC
Attorneys for Plaintiffs
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

_____

## PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT

This case involves violations of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201 *et seq.*, and Michigan Minimum Wage Law. Plaintiffs Alana Hubbard

and Jacob Redmon worked as tipped employees for Defendants Sidetrack Bar &

Grill ("Sidetrack") and its owner and manager Linda French. Defendants violated the FLSA and Michigan Minimum Wage Law by maintaining an unlawful tip pooling arrangement, shaving time off of tipped employees' hours, and requiring employees to work off the clock. These unlawful actions violated the minimum wage and overtime provisions of the FLSA and Michigan Minimum Wage Law.

## **<u>NATURE OF THE CASE</u>**

1.      Defendants own and operate a bar and grill known as Sidetrack Bar & Grill in Ypsilanti, MI.

2.      Plaintiffs worked for Defendant Sidetrack, Inc. d/b/a Sidetrack Bar & Grill also d/b/a Frenchie's ("Sidetrack"), owned by Defendant Linda French (collectively, "Defendants") as customarily tipped employees. Throughout their employment, Defendants did not pay Plaintiffs the minimum wage under state and federal law.  Instead Defendants paid sub-minimum wage utilizing a "tip-credit system"—a system for which they did not qualify. Moreover, Defendants denied Plaintiffs overtime wages by shaving their hours.

3.      Plaintiffs bring this lawsuit individually and as a collective action under the Fair Labor  Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and as a FED. R. CIV. P. 23 class action under the Michigan Minimum Wage Law applicable over the relevant time period (*e.g.*, the Michigan Workforce Opportunity Wage Act ("WOWA"), MCL 408.411 *et seq.*, and the Michigan Improved Workforce

Opportunity Wage Act ("IWOWA"), MCL 408.931 *et seq.*) (collectively, "Michigan Minimum Wage Law") against Defendants for damages resulting from Defendants' failure to pay minimum wage and overtime wages.

## JURISDICTION AND VENUE

4.    The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question jurisdiction). This Court exercises jurisdiction over Plaintiffs' Michigan Minimum Wage Law claim under 28 U.S.C. § 1367 (pendent claims), MCL 408.419(1)(a), and MCL 408.939(a)(1).

5.    Venue in this district is proper under 28 U.S.C. § 1391 because Defendants operate Sidetrack in this district, Defendants employed Plaintiffs and the putative collective and class in this district, and because all or a substantial part of the events giving rise to the claims herein occurred in this District.

## PARTIES

6.    Plaintiff Alana Hubbard is an individual adult resident of the State of Michigan.

7.    Defendants employed Plaintiff Hubbard from around April 2019 to on or about November 6, 2019. Plaintiff Hubbard worked as a server and tipped employee for Defendants from around May 2019 to on or about November 6, 2019.

8.     Throughout her employment as a server, Defendants paid Hubbard only a sub-minimum wage (less than the federal minimum wage of $7.25 per hour) for all hours worked, relying on the tip-credit exemption from federal and state law.

9.     Plaintiff Hubbard qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1). Plaintiff Hubbard consents to this action. *See* **Exhibit 1**.

10.     Plaintiff Jacob Redmon is an individual adult resident of the State of Michigan.

11.     Defendants employed Plaintiff Redmon as a bartender and tipped employee from about June 2016 until about August 2018 and from about March 2019 through about July 2020.

12.     Throughout his employment, Defendants paid Redmon only a sub-minimum wage (less than the federal minimum wage of $7.25 per hour) for all hours worked, relying on the tip-credit exemption from federal and state law.

13.     Plaintiff Redmon qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1). Plaintiff Redmon consents to this action. *See* **Exhibit 2**.

14.     Defendant Sidetrack is a Michigan company maintaining its principal place of business in Ypsilanti, Michigan, which is located within the Eastern District of Michigan. At all times mentioned herein, Sidetrack was an "employer" or "joint

employer" of Plaintiffs and the putative collective and class under the broad definitions in the FLSA and Michigan Minimum Wage Law.

15.     Defendant French is/was the Managing Owner of Sidetrack at all relevant times.

16.     Defendant French was the owner and operator of Sidetrack who implemented and enforced the payment policies for the workers.

17.     At all times mentioned herein, Defendant French was an "employer" or "joint employer" of Plaintiffs and the putative collective and class under the broad definitions in the FLSA and Michigan Minimum Wage Law.

## GENERAL ALLEGATIONS

*Defendants' Business*

18.     Defendants operate a bar and grill located at 56 E. Cross St., Ypsilanti, MI 48198.

19.     Plaintiff Hubbard began working as a server for Defendants around April 2019.

20.     Plaintiff Hubbard's primary job duties as a server were to serve drinks and food items to Defendants' customers.

21.     Plaintiff Redmon worked as a bartender for Defendants from around June 2016 to around August 2018 and again from around March 2019 to around July 2020.

22.     Plaintiff Redmon's primary duties as a bartender were to pour and make drinks for Defendants' customers.

23.     At all material times, Defendants were Plaintiffs' and the putative collective's and class's "employer(s)" or "joint employer(s)."

***Defendants' Pay Practices***

24.     As servers and bartenders, Plaintiffs and other similarly situated servers and/or bartenders, including putative collective and class members, were customarily tipped employees.

25.     Defendants took tips from Plaintiffs and similarly situated employees and redistributed their tips to non-customarily tipped employees, such as hosts, dishwashers, and others.

26.     Defendants also directed managers to alter time records to clock their supervisees out at 2:00 A.M., even though work would continue for sometimes up to two or more additional hours.

27.     Defendants also maintained a policy of requiring tipped employees to cover the costs of walk-outs, mis-rings, or drawer shortages out of their tips or base wages.

28.     Defendants required servers, bartenders, and other tipped employees to come in early or stay late past their shifts and work "off the clock."

29.     Although servers sometimes worked up to sixty (60) hours a week, they were paid for far fewer hours.

30.     Defendants required managers to log into the time-keeping system and clock employees out early if they were expected to work any significant amount of overtime in the week.

31.     Defendants did not consistently require the tipped employees to sign any acknowledgment of their tips received before issuing paychecks.

32.     Defendants required servers and tipped employees to spend more than twenty percent (20%) of their time on non-tipped work activities.

33.     As a result of these violations, Defendants did not qualify to use the tip-credit provisions of the FLSA or Michigan Minimum Wage Law.

34.     Defendants did not pay Plaintiffs and the putative collective and class members the minimum wage required for non-tipped employees.

35.     Defendants deprived Plaintiffs and the putative collective and class members of overtime pay in violation of the FLSA.

36.     Defendants knowingly and willfully refused to pay Plaintiffs lawfully under the FLSA.

37.     Defendants' payment policies were not based on a good faith and reasonable belief that they complied with the FLSA.

38.     Defendants are the "employer" of Plaintiffs and the putative collective

and class because they act "directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

39.     Defendant French is liable as an "employer" under the FLSA based on her control over the nature and structure of the employment relationship and her responsibility and authority to set tip pooling and overtime pay policies.

## **FLSA COLLECTIVE DEFINED**

40.     Plaintiffs bring Count I and Count II under the FLSA as an "opt-in" collective action on behalf of the following collective of similarly situated individuals pursuant to 29 U.S.C. § 216(b) ("the Collective"):

> All of Defendants' current and former employees who Defendants paid using a tip credit at a rate less than the federal minimum wage at any time starting three years before this Complaint was filed through the time of judgment in this matter.

41.     The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

42.     Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage and overtime premiums. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail or email.

43.     Plaintiffs and all of Defendants' tipped employees are similarly situated in that:

    a.  They worked in a food service capacity for Defendants serving drinks and food items to Defendants' customers;

    b.  They performed the same or similar work receiving sub-minimum wages as tipped employees;

    c.  Defendants subjected them to the same pay policies and practices;

    d.  They received tips while working for Defendants;

    e.  Defendants deducted from and took their tips and distributed their tips to employees who are not customarily tipped; and

    f.  Defendants reduced reported work hours below and paid for less than the hours actually worked.

## STATE LAW CLASS DEFINED

44.     The state law claims arise under the same common nucleus of facts and the same transaction or occurrence as the federal law claims.

45.     Plaintiffs bring Count III of this lawsuit pursuant to FED. R. CIV. P. 23 on behalf of themselves and as the Class Representatives of the following persons ("the Class"):

> All of Defendants' current and former employees who Defendants paid using a tip credit at a rate less than the Michigan minimum wage at any time starting three years before this Complaint was filed through the time of judgment in this matter.

46.    Plaintiffs' state law claims asserted in Count III satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of a class action pursuant to FED. R. CIV. P. 23.

47.    The Class sought in Count III satisfies the numerosity requirement as it consists of at least fifty to one hundred workers. Therefore, joinder of all Class members in a single action is impracticable.

48.    Questions of fact and law common to the Class sought in Count III predominate over any questions affecting only individual members. These questions of law and fact common to the Class arising from Defendants' actions include but are not limited to:

a.  Whether they have worked as tipped employees for Defendants;

b.  Whether they performed the same or similar work;

c.  Whether Defendants subjected them to the same pay policies and practices;

d.  Whether they received tips while working for Defendants;

e.  Whether tips were taken to pay employees who are not customarily tipped while putative class members were working as tipped employees for Defendants;

f.  Whether Defendants unlawfully required their managers to under-report hours worked by putative class members; and

10

g. Whether Defendants require them to sign acknowledgements related to tips received.

49. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, efficiency, economy, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claim.

50. Plaintiffs' claims are typical of those of the Class sought in Count III in that:

a. Plaintiffs and the Class have worked in a food service capacity for Defendants serving drinks and food items to Defendants' customers;

b. Plaintiffs and the Class were subject to the same pay policies and practices of Defendants;

c. Plaintiffs and the Class received tips while working for Defendants;

d. Plaintiffs and the Class had their tips taken while working as tipped employees for Defendants;

e. Defendants unlawfully required their managers to under-report the hours worked by Plaintiffs and the Class; and

f. Defendants did not consistently require Plaintiffs and the Class to sign acknowledgements related to tips.

51.     Plaintiffs are adequate representatives of the Class sought in Count III because they are members of the Class and their interests do not conflict with the interests of the members of the Class they seek to represent. The interests of the members of the Class sought in Count III will be fairly and adequately protected by Plaintiffs and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

52.     Maintenance of the claim asserted in Count III as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

53.     It would be impracticable and undesirable for each member of the Class sought in Count III who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action is superior and can determine, with judicial economy, the rights of all Class members.

## COUNT I
### FAILURE TO PAY MINIMUM WAGE AND OVERTIME PURSUANT TO THE FLSA, 29 U.S.C. § 206
### *On Behalf of Plaintiffs and those similarly situated*

54.    Plaintiffs hereby incorporate by reference and reassert the allegations set forth above.

55.    At all relevant times, Defendants were "employer(s)" or "joint employer(s)" of Plaintiffs and the putative collective within the meaning of the FLSA, 29 U.S.C. § 203(d).

56.    Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as defined in the FLSA.

57.    Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because they have employees engaged in commerce, and because their annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000.00).

58.    Defendants are subject to the FLSA's minimum wage and overtime requirements because they form an enterprise engaged in interstate commerce and their employees are engaged in commerce.

59.    Defendants paid servers and bartenders less than the required federal minimum wage.

60.    Defendants required Plaintiffs and the putative collective to participate in an illegal tip pool, which included employees who do not regularly receive tips

13

and do not have more than a *de minimis* interaction with the customers giving the tips to Plaintiffs and the putative collective.

61.     Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiffs and the putative collective through implementing and enforcing an unlawful tip pooling system.

62.     Defendants required Plaintiffs and the putative collective to share a portion of their tips with employees who did not work in positions that are regularly tipped, in violation of 29 U.S.C. § 203(m).

63.     Defendants required Plaintiffs and the putative collective and their managers to under-report their hours.

64.     Defendants made unlawful deductions from the wages of Plaintiffs and the putative collective by deducting the costs of walk-outs, mis-rings, or drawer shortages out of their tips or base wages.

65.     Defendants required servers and tipped employees to spend more than twenty-percent (20%) of their time on non-tipped work activities.

66.     Defendants knew or should have known that their pay policies, practices, and methodology result in failure to compensate their tipped employees at the federal minimum wage.

67.     Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA,

and as a result, Plaintiffs are entitled to recover an award of liquidated damages in the amount equal to the amount of unpaid wages.

68.     As a result of the willful violations of the FLSA's minimum wage provisions, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

69.     Plaintiffs seek judgment against Defendants and request compensation for unpaid wages, liquidated damages, attorneys' fees and costs, pre-judgment and post-judgment interest as provided by law, and such other relief as the Court deems fair and equitable.

## COUNT II
### TIP STEALING IN VIOLATION OF THE FLSA, 29 U.S.C. § 203
### *On Behalf of Plaintiffs and those similarly situated*

70.     Plaintiffs hereby incorporate by reference and reassert the allegations set forth above.

71.     At all relevant times, Defendants were "employer(s)" or "joint employer(s)" of Plaintiffs and the putative collective within the meaning of the FLSA, 29 U.S.C. § 203(d).

72.     Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as defined in the FLSA.

73.     Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because they have employees engaged in commerce, and because their annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000.00).

74.     Plaintiffs customarily and regularly received more than thirty U.S. Dollars ($30.00) a month in tips and are therefore tipped employees as defined in the FLSA. 29 U.S.C. § 203(t); 29 C.F.R. § 531.50.

75.     Under 29 U.S.C. § 203(m)(2)(B), "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

76.     Defendants required Plaintiffs and collective members to pay a portion of their tips back to the house to supplement the hourly pay of non-tipped employees.

77.     Defendants required Plaintiffs to participate in an illegal tip pool, which included employees who do not customarily and regularly receive tips, and do not have more than a *de minimis*, if any, interaction with customers leaving the tips (such as hosts, hostesses, food runners, and expeditors).

78.     The contributions Defendants required Plaintiffs and the putative collective to make after each shift were arbitrary and capricious, and distribution

was not agreed to by Plaintiffs or the putative collective. Instead, Defendants imposed this unlawful system on Plaintiffs and the putative collective.

79.    Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs are entitled to recover an award of liquidated damages in the amount equal to the amount of unpaid wages.

80.    As a result of the willful violations of the FLSA's minimum wage provisions, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

81.    Plaintiffs seek judgment against Defendants and request compensation for unpaid wages, liquidated damages, attorneys' fees and costs, pre-judgment and post-judgment interest as provided by law, and such other relief as the Court deems fair and equitable.

## COUNT III
### FAILURE TO PAY MINIMUM WAGE PURSUANT TO MICHIGAN MINIMUM WAGE LAW
### *On Behalf of Plaintiffs and the Rule 23 Class*

82.    Plaintiffs hereby incorporate by reference and reassert the allegations set forth above.

83.     Michigan Minimum Wage Law provides that "[a]n employer shall not pay any employee at a rate that is less than prescribed…." MCL 408.413; MCL 408.933.

84.     The WOWA requires employers to pay employees a minimum hourly wage of $8.90 beginning January 2017 and $9.25 beginning January 1, 2018. MCL 408.414(1). The IWOWA requires employers to pay employees a minimum hourly wage of $9.45 beginning March 29, 2019 and $9.65 in the calendar years 2020 and 2021. *See* MCL 408.934(1).

85.     At all relevant times, Plaintiffs and the Class Members were "employees" of Defendant as defined by Michigan Minimum Wage Law. MCL 408.412(d); MCL 408.932(c).

86.     At all relevant times, Plaintiffs and the Class Members have been entitled to the rights, protections, and benefits provided by Michigan Minimum Wage Law.

87.     As described in the preceding paragraphs, Defendants have failed and refused to pay their employees minimum wage by utilizing an unlawful tip pooling arrangement.

88.     Defendants, pursuant to their policy and practice, violated Michigan Minimum Wage Law by failing and refusing to pay state minimum wage for all hours worked by Plaintiff and the Class Members.

89.     Plaintiff and the Class Members have been subjected to a uniform and employer-based policy. This uniform policy, in violation of Michigan Minimum Wage Law, has been applied, and continues to be applied, to all tipped employees employed by Defendants.

90.     Plaintiffs and the proposed Class Members seek damages to compensate them for unpaid wages, an award of liquidated damages in an amount equal to the amount of unpaid wages under MCL 408.419(1)(a) and MCL 408.939(1)(a), attorneys' fees and expenses incurred in prosecution of this action, and such other relief as the Court deems fair and equitable.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs seek the following relief on behalf of themselves and the Members of the putative FLSA Collective and Rule 23 Class:

A.     An Order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Collective;

C.     An Order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Michigan Rule 23 Class;

D.     An Order appointing Plaintiffs' attorneys as Class Counsel;

E.      Back pay damages (including unpaid overtime compensation and unpaid

        wages) and prejudgment interest to the fullest extent permitted under the

        law;

F.      Liquidated damages to the fullest extent permitted under the law;

G.      Litigation costs, expenses, and attorneys' fees to the fullest extent

        permitted under the law; and

H.      Such other and further relief as this Court deems just and proper.

                                    Respectfully submitted,

                                    /s/ *David M. Blanchard*
                                    David M. Blanchard (P67190)
                                    Frances J. Hollander (P82180)
                                    Attorneys for Plaintiff
                                    221 North Main Street, Suite 300
                                    Ann Arbor, MI 48104
                                    (734) 929-4313
                                    blanchard@bwlawonline.com
                                    hollander@bwlawonline.com

                                    *ATTORNEYS FOR PLAINTIFF*

Date: March 26, 2021

I hereby certify that on March 26, 2021, I served the foregoing document to all counsel of records by electronic mail.

/s/ *Leslie M. Wenzel*

Leslie M. Wenzel, Law Office Assistant