UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALANA HUBBARD
JACOB REDMON, individually
and on behalf of similarly
situated persons,

    Plaintiff,

v.

SIDETRACK, INC. d/b/a THE
SIDETRACK BAR & GRILL also
d/b/a FRENCHIE'S
and LINDA FRENCH,

    Defendants.

Case No. 2:21-cv-10669

Hon. Terrence G. Berg

---

**STIPULATED ORDER FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT AND DISMISSING CASE WITH PREJUDICE**

This matter comes before the Court pursuant to Parties' notification they have settled this matter.

**WHEREAS**, on March 26, 2021, Plaintiffs filed a Class Action Complaint against Defendants on behalf of themselves and other similarly situated servers and bartenders who worked for Defendants, which is now pending in the United States District Court for the Eastern District of Michigan before the Honorable Terrence G. Berg, Case No. 2:21-cv-10669 (the "Litigation").  In the Litigation, Named Plaintiffs alleged that Defendants failed to qualify for a "tip-credit" exemption to the federal

1

minimum wage, have unlawfully taken tips, and failed to pay employees the appropriate minimum in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA") and that Named Plaintiffs and all Opt-In Plaintiffs (collectively "Plaintiffs") were entitled to payment for unpaid minimum wage, unlawful tip deductions, unpaid work hours and an additional equal amount as liquidated damages; and

**WHEREAS**, Defendants timely filed their answer and affirmative defenses, in which they denied all material allegations of the Litigation and asserted relevant affirmative defenses, including that Defendants did not willfully violate the law and at all times acted on a good faith interpretation and understanding of applicable law. Defendants contest each claim asserted by Plaintiffs in the Litigation; and

**WHEREAS**, based upon their analysis and evaluation of a number of factors, the Parties recognize the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, or might result in a larger recovery; and

**WHEREAS**, Named Plaintiffs and Defendants, by and through their respective counsel, have engaged in settlement discussions in connection with the potential resolution of the Litigation, including private mediation with David A. Kotzian. The Parties – subject to the approval of the Court – have elected to settle the Litigation pursuant to the terms set forth in the Confidential Settlement

Agreement attached as Exhibit 1, which is hereby submitted to the Court for *in camera*[1] approval; and

**WHEREAS**, Plaintiffs' Counsel have analyzed and evaluated the merits of the claims made against Defendants and the impact of the Agreement on the Named Plaintiffs and the Opt-In Plaintiffs. Plaintiffs' Counsel and Named Plaintiffs are satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate, and that this Agreement represents a reasonable compromise of disputed claims, which is in the best interest of all Plaintiffs; and

**WHEREAS**, the Court has carefully reviewed the Parties' Settlement Agreement, as well as the record, and finds the Settlement Agreement to be a fair and a reasonable compromise of all claims and an appropriate award of attorneys' fees and costs.

**IT IS THEREFORE ORDERED** as follows:

---

[1] The Court reviewed the agreement *in camera* due to the Parties agreeing on confidentiality of the terms of the settlement and the Court determining that the parties had sufficient cause to keep the terms of the agreement confidential. *See Griffin v. Lady Jane's Haircuts for Men Holding Company, LLC,* No. 18-cv-11075, 2019 WL 2135648 (E.D. Mich. May 15, 2019)(approving FLSA settlement agreement review in camera); *Lakosky v. Discount Tire Co., Inc.*, No. 14–13362, 2015 WL 4617186 (E.D. Mich. Jul. 31, 2015)(granting motion to approve FLSA settlement agreement filed under seal)*; Athan v. United States Steel Corp.*, 523 F.Supp.3d 960 (E.D. Mich. 2021)(approving FLSA settlement agreement with settlement amounts and other terms redacted); *see also, Moore v. S. Fla. Restoration, Inc.*, No. 18-21956-Civ-COOKE/GOODMAN, 2018 WL 6620872 (S.D. Fla. Nov. 16, 2018) (granting motion for *in camera* inspection of an FLSA settlement agreement).

(a) The Court approves and adopts the Settlement Agreement, including the Schedule of Payments attached as Exhibit A, and named Plaintiffs Alana Hubbard and Jacob Redmond, as well as all individuals who filed an Opt-In and Consent Form in this lawsuit, shall be bound by the Settlement Agreement; and

(b) The Court dismisses this lawsuit with prejudice, with each side to bear their own fees and costs unless otherwise agreed. The Court retains jurisdiction to enforce the terms of the Parties' settlement agreement. The Clerk of Court is directed to close this matter.

/s/Terrence G. Berg_____  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

Dated: April 28, 2022

**Stipulated as to form and substance:**

| BLANCHARD & WALKER, PLLC | CLARK HILL PLC |
|---|---|
| /s/ David M. Blanchard<br>David M. Blanchard (P67190)<br>Frances J. Hollander (P82180)<br>221 N. Main Street, Suite 300<br>Ann Arbor, MI 48104<br>(734) 929-4313<br>blanchard@bwlawonline.com<br>hollander@bwlawonline.com | /s/ with consent of Christopher M. Trebilcock<br>Christopher M. Trebilcock (P62101)<br>Carolyn M. Horton (P84635)<br>500 Woodward Avenue – Suite 3500<br>Detroit, Michigan 48226<br>(313) 965-8300<br>ctrebilcock@clarkhill.com<br>chorton@clarkhill.com |
| *ATTORNEYS FOR PLAINTIFFS* | *ATTORNEYS FOR DEFENDANTS* |

Dated: January 18, 2022